IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DALE L. HILDEBRAND,<br><br>      Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY, Carolyn W. Colvin,<br><br>      Defendant. | **No. 13-CV-3037-DEO**<br><br>**ORDER** |

This matter is before the Court pursuant to "Plaintiff's Application For Attorneys Fees Under The Equal Access To Justice Act" (Docket No. 21), requesting attorney fees in the amount of $4,878.48.

The Defendant has filed, "Defendant's Response To Plaintiff's Application For Attorney Fees Pursuant To The Equal Access To Justice Act" (Docket No. 22), stating that the defendant has no objection to plaintiff's request for attorney fee payment under the EAJA in the amount of $4,878.48, to be paid by the Social Security Administration. Defendant states that in accordance with Astrue v. Ratliff, 560 U.S. 586 (2010), "the EAJA fee is payable to the Plaintiff as the litigant and may be subject to offset to satisfy any pre-existing debt the litigant may owe the United States." Docket No. 22.

28 U.S.C. § 2412(d) of the EAJA provides for the award of fees and expenses if: (1) the party requesting the fees prevailed; (2) the position of the United States was not "substantially justified;" (3) the fees were incurred by the moving party in a "civil action . . . including proceedings for judicial review of agency action;" (4) the action was brought by or against the United States; (5) the court entering the ruling had "jurisdiction of that action;" (6) the party seeking fees submitted an application 30 days after final judgment, specifying the "amount sought, including an itemized statement . . . stating the actual time expended and the rate at which fees and other expenses were computed;" (7) the amount sought is reasonable under the circumstances; and (8) there are no "special circumstances" making "an award unjust." (citation omitted).

In this case, Plaintiff has satisfied each necessary element. Plaintiff prevailed in a civil action against the Commissioner of Social Security (Docket No. 19). This Court properly exercised jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The Commissioner was not substantially justified in that the overwhelming weight of the evidence

supported the conclusion that an award of benefits was appropriate. Plaintiff's request for attorney's fees included an itemized statement of the actual time expended (Docket No. 21). Neither the Commissioner nor this Court consider the amount sought to be unreasonable under the circumstances.[1] And, finally, this Court is unaware of any special circumstances which would render the award unjust.

**Therefore, attorney fees under EAJA are granted in the agreed upon amount of $4,878.48, payable to the plaintiff from the Social Security Administration, and mailed to plaintiff's attorney's address after any offset.**[2]

**IT IS SO ORDERED** this 7th day of November, 2014.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa

---

[1] 28 U.S.C. § 2412(d)(2)(A) provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." (citation omitted). In this case, the Court has reviewed the Itemization of Fees provided by Attorney Krause regarding the charged rate in this case (Docket No. 21).

[2] The fee amount is subject to offset as out in <u>Astrue v. Ratliff</u>, 560 U.S. 586 (2010). Docket No. 22.

3